IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARK JOSHUA MITCHELL,
    Plaintiff,

vs.                                    Case No. 3:17cv270/RV/EMT

JOHN NATHAN BERTRAM, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, commenced this case by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has been granted leave to proceed in forma pauperis in this case (ECF No. 3). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this case should be dismissed because Plaintiff has not stated, and cannot state, a plausible § 1983 claim against any Defendant.

I.    BACKGROUND

Plaintiff, a pre-trial detainee at the Santa Rosa County Jail, names as Defendants Investigators with the Walton County Sheriff's Office, as well as its Sheriff. Plaintiff alleges that a warrant was granted to the investigators to place a "pen register" and a "trap and trace" on his cellular phone but that the warrant did not extend to the content of any communications using the cellular phone. Plaintiff claims that Defendants exceeded the scope of the warrant by obtaining text messages and the like (ECF No. 1 at 5–8). As relief, he seeks to have the exclusionary rule applied to any pending criminal action (*id.* at 11).[1]

## II.    DISCUSSION

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations

---

[1] The court independently notes that Plaintiff has criminal matters pending against him in the Walton County Court. *See* Case Nos. 662016CF000657CFAXMX; 662016CF000650CF-AXMX; and 662016CF000651CFAXMX (accessed online on June 8, 2018, at https://www.civitekflorida.com/ocrs/app/partyCaseSummary.xhtml); *see also* Young v. City of Augusta, Ga., 59 F.3d 1160, 1166 n.11 (11th Cir. 1995) (holding that a district court may take judicial notice of documents filed in other judicial proceedings for the limited purposes such as noting the subject matter of the litigation and the issues that were decided).

Case No: 3:17cv270/RV/EMT

of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation and citation omitted).

It is apparent from the face of Plaintiff's complaint that the Younger abstention doctrine bars this court from considering Plaintiff's claims. The Supreme Court held in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), that federal courts must abstain from interfering with pending state criminal proceedings absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. See Samuels v.

Mackell, 401 U.S. 66, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971); Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 (11th Cir. 2004) (citing Younger, 401 U.S. at 45, 53–54). Plaintiff's conclusory allegations do not establish, or support an inference, that his prosecution is motivated by bad faith. *See* Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."); *see also* Trainor v. Hernandez, 431 U.S. 434, 446–47, 97 S. Ct. 1911, 52 L. Ed. 2d 486 (1977) (noting that Younger principles counsel against federal court intervention in pending state criminal and civil enforcement proceedings and finding no extraordinary circumstances to justify such intervention in the absence of any suggestion that the pending state enforcement action was brought in bad faith or for the purpose of harassing appellees).

Plaintiff further fails to show that the "irreparable injury" exception applies. *See* Younger, 401 U.S. at 53–54 (holding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if

unusual circumstances exist that would call for equitable relief) (citing Watson v. Buck, 313 U.S. 387, 402, 61 S. Ct. 962, 85 L. Ed. 1416 (1941)); Kugler v. Helfant, 421 U.S. 117, 123–25, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975) (holding that irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith) (citing Younger, 401 U.S. at 46). Moreover, Plaintiff has adequate state remedies at his disposal, primarily in the ability to raise in a pretrial motion the very exclusionary rule he seeks as relief in this case, and failing that, an appeal within the state court system.

It is apparent from the face of Plaintiff's complaint that the Younger abstention doctrine bars this court from interfering in Plaintiff's state criminal proceedings, and that this case should be dismissed. A federal district court is not, given the basic tenets of federalism, available to supervise the state prosecution to which Plaintiff finds himself subject.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would

be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, Plaintiff's claims are frivolous and do not—and cannot—state a claim on which relief may be granted, so amendment would clearly be futile. Therefore, the court should dismiss this case without allowing or encouraging amendment.

Accordingly it is respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That this dismissal be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 11th day of June 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.**  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**